IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARION A. SOUDERS, as parent and wrongful-death heir of her deceased son, RUSSELL W. WELSH,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY DISTRIBUTION SERVICES, LTD.; GUADALUPE SANDEZ; and JAMES L. LAMONT,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br><br>Case No. 2:11-CV-239 TS |

This matter is before the Court on Plaintiff's Motion to Remand, filed April 5, 2011. Defendants have failed to respond to Plaintiff's Motion.[1] For the reasons discussed below, the Court will grant the Motion.

---

[1] Defendant Lamont has filed a Motion to Dismiss, but the Motion to Dismiss does not respond to the arguments raised in Plaintiff's Motion to Remand. Pursuant to DUCivR 7-1(d) "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."

I. BACKGROUND

Plaintiff originally filed this action against Defendants in Utah state court. Defendant Lamont is a citizen of Utah. Defendant Lamont filed a Notice of Removal, removing this matter to this Court on the basis of diversity jurisdiction. Plaintiff timely filed a Motion to Remand.

II. DISCUSSION

The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[2] Further, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[3] 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.[4]

Under this provision, Defendant Lamont may not remove this action as he is a citizen of Utah, the state in which the action was brought, and the removal is based on diversity jurisdiction. Therefore, this action was improperly removed based on § 1441(b) and remand is appropriate.

---

[2]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3]*Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[4]28 U.S.C. § 1441(b).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 17) is GRANTED. The Clerk of the Court is directed to remand this matter to the Third Judicial District for the State of Utah and close this case forthwith.

DATED   May 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge